ANTHONY J. DECRISTOFORO, SBN 166171
anthony.decristoforo@ogletree.com
DANIEL E. RICHARDSON, SBN 289327
daniel.richardson@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
500 Capitol Mall, Suite 2500
Sacramento, CA 95814
Tel.: 916-840-3150 / Fax: 916-840-3159

Attorneys for Plaintiff Synergy One Lending, Inc.

G. Bradley Hargrave (SBN) 173911)
Joshua A. Rosenthal (SBN 190284)
Hargrave Rosenthal
A Professional Corporation
3562 Roundbarn Circle, Suite 212
Santa Rosa, CA 95403
Tel.: (707) 570-2200 / Fax: (510) 832-2945
Email: jrosenthal@hargraverosenthal.com

Attorneys for Defendant Answer Home Loans, Inc.

HENRY J. JOSEFSBERG (SBN 136772)
4050 East Katella Avenue, Suite 205
Los Alamitos, California 90720
Tel.: (562) 342-9401 / Fax: (562) 342-9403
Email: henryjjesq@gmail.com

Attorneys for Adam Kanoff

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNERGY ONE LENDING, INC., <br><br>  Plaintiff, <br><br> vs. <br><br> ADAM KANOFF, as an individual; ANSWER HOME LOANS, INC., a California corporation, <br><br>  Defendants. | No. 2:19-cv-01899-MCE-DB <br><br> **STIPULATED PROTECTIVE ORDER** |
| ADAM KANOFF, <br><br>  Cross-Complainant, <br><br> vs. <br><br> SYNERGY ONE LENDING, INC., <br><br>  Cross-Defendants. | |

**1.     PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of trade secret, confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

The Magistrate Judge may enter this Order. The Parties waive any necessity of the District Judge to review, confirm, or re-evaluate entry of this Order.

**2.     DEFINITIONS**

2.1     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designated House Counsel: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

/ / /

2.6     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9     [RESERVED]

2.10    House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.17   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

## 4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent

it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

1 ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants
2 copied and produced, the Producing Party must determine which documents, or portions thereof,
3 qualify for protection under this Order. Then, before producing the specified documents, the
4 Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY
5 CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material.
6 If only a portion or portions of the material on a page qualifies for protection, the Producing Party
7 also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the
8 margins) and must specify, for each portion, the level of protection being asserted.

9 (b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the
10 Designating Party identify on the record, before the close of the deposition, hearing, or other
11 proceeding, or before the transcript is final, all protected testimony and specify the level of protection
12 being asserted. When it is impractical to identify separately each portion of testimony that is entitled
13 to protection and it appears that portions of the testimony may qualify for protection, the Designating
14 Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a
15 right to have up to 21 days to identify the specific portions of the testimony as to which protection is
16 sought and to specify the level of protection being asserted. Alternatively, a Designating Party may
17 specify, at the deposition or up to 21 days after the transcript is final, , that parts or the entire transcript
18 shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
19 ONLY."

20 Parties shall give the other parties notice if they reasonably expect a deposition, hearing or
21 other proceeding to include Protected Material so that the other parties can ensure that only
22 authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"
23 (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition
24 shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
25 ATTORNEYS' EYES ONLY."

26 Transcripts containing Protected Material shall have an obvious legend on the title page that
27 the transcript contains Protected Material, The Designating Party shall inform the court reporter of
28 these requirements. Any transcript that is prepared before the expiration of a 21-day period for

designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3   <u>Inadvertent Failures to Designate</u>. If corrected within a reasonable time after learning of the inadvertent failure to designate, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon correction of a designation with a reasonable time after learning of the inadvertent failure to designate, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of notice of a challenge. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the

1  designated material, to reconsider the circumstances, and, if no change in designation is offered, to
2  explain the basis for the chosen designation.

3        6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court
4  intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil
5  Local Rule 251. Each such motion must be accompanied by a competent declaration affirming that
6  the movant has complied with the meet and confer requirements imposed in the preceding paragraph.
7  Failure by the Designating Party to make such a motion including the required declaration shall
8  automatically waive the confidentiality designation for each challenged designation. In addition, the
9  Challenging Party may file a motion challenging a confidentiality designation at any time if there is
10 good cause for doing so, including a challenge to the designation of a deposition transcript or any
11 portions thereof.

12       The burden of persuasion in any such challenge proceeding shall be on the Designating Party.
13 Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary
14 expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the
15 Designating Party has waived the confidentiality designation by failing to file a motion to retain
16 confidentiality as described above, all parties shall continue to afford the material in question the
17 level of protection to which it is entitled under the Producing Party's designation until the court rules
18 on the challenge

19           **7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

20       7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or
21 produced by another Party or by a Non-Party in connection with this case only for prosecuting,
22 defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to
23 the categories of persons and under the conditions described in this Order. When the litigation has
24 been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL
25 DISPOSITION).

26       Protected Material must be stored and maintained by a Receiving Party at a location and in a
27 secure manner that ensures that access is limited to the persons authorized under this Order.

28       7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by

1 the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

2 information or item designated "CONFIDENTIAL" only to:

3     (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of

4 said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for

5 this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is

6 attached hereto as Exhibit A;

7     (b) the officers, directors, and employees (including House Counsel) of the Receiving Party

8 to whom disclosure is reasonably necessary for this litigation and who have signed the

9 "Acknowledgment and Agreement to Be Bound" (Exhibit A);

10     (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably

11 necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be

12 Bound" (Exhibit A);

13     (d) the court and its personnel;

14     (e) court reporters and their staff, professional jury or trial consultants, and Professional

15 Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the

16 "Acknowledgment and Agreement to Be Bound" (Exhibit A);

17     (f) during their depositions, witnesses in the action to whom disclosure is reasonably

18 necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) .

19 Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material

20 must be separately bound by the court reporter and may not be disclosed to anyone except as

21 permitted under this Stipulated Protective Order.

22     (g) the author or recipient of a document containing the information or a custodian or other

23 person who otherwise possessed or knew the information.

24     (h) other Parties.

25     7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

26 Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the

27 Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

28 CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Designated House Counsel of the Receiving Party (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed;

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

        8.    **[RESERVED]**

        9.    **[RESERVED]**

### 10. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 11. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

## 12. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

///

### 13. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

### 14. MISCELLANEOUS

14.1  Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2  Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3  Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 141, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant 141 is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 133 unless otherwise instructed by the court.

### 15. **<u>FINAL DISPOSITION</u>**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:   May 4, 2020                                HARGRAVE ROSENTHAL, P.C.

By:*/s/ Joshua A. Rosenthal*_____
    JOSHUA A. ROSENTHAL
    Attorney for Defendant
    ANSWER HOME LOANS, INC.

DATED:   May 4, 2020

By:*/s/ Henry J. Josefsberg*_____
    HENRY J. JOSEFSBERG
    Attorney for Defendant
    ADAM KANOFF

DATED: May 4, 2020   OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Daniel E. Richardson*
Anthony J. DeCristoforo
Daniel E. Richardson
Attorney for Plaintiff
SYNERGY ONE LENDING, INC.

### ATTESTATION

Concurrence in the filing of this document has been obtained from each of the individuals whose electronic signature is attributed above.

DATED: May 4, 2020   OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Daniel E. Richardson*
Anthony J. DeCristoforo
Daniel E. Richardson
Attorneys for Plaintiff ANSWER HOME LOANS, INC.

### ORDER

Pursuant to the parties' stipulation, IT IS SO ORDERED.

IT IS FURTHER ORDERED THAT:

1. Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2. The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal. Parties are advised that any request to seal documents in this district is governed by Local Rule 141. In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made. L.R. 141(a). However, a mere request to seal is not enough under the local rules. In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing,

1  the requested duration, the identity, by name or category, of persons to be permitted access to the
2  document, and all relevant information." L.R. 141(b).
3       3.  A request to seal material must normally meet the high threshold of showing that
4  "compelling reasons" support secrecy; however, where the material is, at most, "tangentially
5  related" to the merits of a case, the request to seal may be granted on a showing of "good cause."
6  Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); Kamakana
7  v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).
8       4.  Nothing in this order shall limit the testimony of parties or non-parties, or the use of
9  certain documents, at any court hearing or trial – such determinations will only be made by the
10 court at the hearing or trial, or upon an appropriate motion.
11      5.  With respect to motions regarding any disputes concerning this protective order which
12 the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule
13 251.  Absent a showing of good cause, the court will not hear discovery disputes on an ex parte
14 basis or on shortened time.
15      6.  The parties may not modify the terms of this Protective Order without the court's
16 approval.  If the parties agree to a potential modification, they shall submit a stipulation and
17 proposed order for the court's consideration.
18      7.  Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement
19 of the terms of this Protective Order after the action is terminated.
20      8.  Any provision in the parties' stipulation that is in conflict with anything in this order is
21 hereby DISAPPROVED.
22 DATED: May 8, 2020                    /s/ DEBORAH BARNES
                                          UNITED STATES MAGISTRATE JUDGE

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Eastern District of California on [date] in the case of *Synergy One Lending, Inc., v. Adam Kanoff, as an individual; Answer Home Loans, Inc.,* **Case No. 2:19-CV-01899-MCE-DB.** I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____